UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESTEVEZ,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA, FEDERAL BUREAU OF PRISON, WESTERN REGIONAL OFFICE, UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF CALIFORNIA,<br><br>         Respondents. | Case No.: 15cv2941 AJB (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION TO APPOINT COUNSEL**<br><br>**(Doc. Nos. 2, 4)** |

  Presently before the Court is Jesus Estevez's ("Petitioner") motion for leave to proceed in forma pauperis and motion to appoint counsel. (Doc. Nos. 2, 4.) For the reasons set forth below, Petitioner's motion to proceed in forma pauperis is **GRANTED**, and his motion for appointment of counsel is **DENIED**.

A. <u>Motion to Proceed In Forma Pauperis</u>

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

     Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

     In support of his IFP motion, Petitioner has submitted a copy of his inmate statement report demonstrating his inability to pay. (*See* Doc. No. 2 at 5.) Accordingly, the Court finds Petitioner's motion and supporting documents sufficient to show he is "unable to pay" any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(a) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial

partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Petitioner's motion to proceed IFP, (Doc. No. 2), and declines to "exact" any initial filing fee because his inmate statement report shows he "has no means to pay it." *Bruce*, 136 S. Ct. at 629. The Court directs the Secretary of the CDCR, or his designee, to collect the entire $350 balance[1] of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.; see also Mills v. Warden, Calipatria State Prison*, No. 3:15CV2491, 2016 WL 3523087, at *2 (S.D. Cal. June 28, 2016).

B.  Screening Pursuant to 28 U.S.C. § 1915

When a plaintiff is afforded IFP status, 28 U.S.C. § 1915(e)(2) requires a court to screen the complaint to ensure the action is not frivolous or malicious, does not fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (noting section 1915(e) "not only permits but requires" the court to sua sponte dismiss an *IFP* complaint that fails to state a claim).

Through his writ of mandate, Petitioner seeks disclosure of additional information sought through Freedom of Information Act ("FOIA") requests. (*See* Doc. No. 1.) Congress enacted the Freedom of Information Act to "facilitate public access to

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). Under FOIA, an agency must make government records available to the public upon a properly made request. 5 U.S.C. § 552(a)(3)(A). However, the agency need not disclose documents or information falling within any of nine statutory exemptions. 5 U.S.C. § 552(b)(1)–(9). Because of the "strong presumption in favor of disclosure," the exemptions are narrowly construed and the agency bears the burden of justifying the withholding of information under an exemption. *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 973 (9th Cir. 2009).

Petitioner asserts documents were wrongfully withheld despite his FOIA requests, and attaches documentation demonstrating documents were withheld under exemptions to FOIA. (*See* Doc. No. 1.) Upon review, the Court finds Petitioner's pleading survives the "low threshold"[2] for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Benhoff v. United States Dep't of Justice*, No. 316CV01095, 2016 WL 3280423, at *3 (S.D. Cal. June 14, 2016) (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)).

C.   Motion to Appoint Counsel

Petitioner has also filed a motion for appointment of counsel. (Doc. No. 4.) Although a court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding IFP, a court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Neither of these

---

[2] Notably, "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

factors is dispositive and both must be viewed together before reaching a decision on request of counsel under § 1915(d). *Id.*

The present action does not present exceptional circumstances such that appointment of counsel is warranted. Petitioner asserts this matter involves "rough agents" and "matters of national security [and] violations of international law," but as presently styled this matter requires no interaction with Government entities other than through court filings. Additionally, Petitioner has adequately detailed his claim and demonstrated his ability to pursue his FOIA claims, both before this Court and in prior administrative reviews. For these reasons, the Court declines to appoint counsel to represent Petitioner and his motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to proceed IFP is **GRANTED**. Accordingly, the U.S. Marshal is directed to effect service upon Defendants on Petitioner's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Petitioner's motion for appointment of counsel is **DENIED**.

**IT IS SO ORDERED**.

Dated:  August 30, 2016

Hon. Anthony J. Battaglia
United States District Judge