UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESTEVEZ,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No.: 15cv2941-AJB-JLB<br><br>**(1) ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br>**(Doc. No. 16); AND**<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS**<br>**(Doc. No. 9)** |

  Presently before the Court are two motions, Defendants United States Attorney's Office for the Southern District of California, Federal Bureau of Prison, Western Regional Office, and the United States Marshal for the Southern District of California's (collectively referred to as "Defendants") motion to dismiss and Plaintiff Jesus Estevez's ("Plaintiff") motion for leave to amend. (Doc. Nos. 9, 16.) Having reviewed the parties' arguments, the Court finds this motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. For the reasons set forth more fully below, the Court **GRANTS** Plaintiff's unopposed motion for leave to amend, and **DENIES AS**

**MOOT** Defendants' motion to dismiss.

## I. BACKGROUND

On December 28, 2015, Plaintiff filed a complaint under 28 U.S.C. § 1361 and filed a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.) Plaintiff claims that Defendants failed to perform duties owed to Plaintiff by not allowing him access to documents under the Freedom of Information Act ("FOIA"). (Doc. No. 1 at 3.) Specifically, Plaintiff requests the issuance of a writ of mandamus to compel Defendants to provide Plaintiff with copies of documents. (*Id.* at 4.)

On May 10, 2016, Plaintiff filed a motion to appoint counsel. (Doc. No. 4.) On August 30, 2016, the Court granted Plaintiff's motion to proceed IFP, and denied Plaintiff's motion to appoint counsel. (Doc. No. 5.) On October 27, 2016, Defendants filed a motion to dismiss. (Doc. No. 9.) Defendants assert that Plaintiff's complaint does not make out a cognizable legal theory. (Doc. 9-1 at 2.) On November 29, 2016, Plaintiff filed a motion for leave to amend his complaint. (Doc. No. 16.) On December 30, 2016, Defendants filed a notice of non-opposition to Plaintiff's motion to file an amended complaint. (Doc. No. 19.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all

reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

### B. Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a) leave to amend should be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III. DISCUSSION

In the interests of judicial economy, the Court will first turn to Plaintiff's motion for leave to amend. In his motion, Plaintiff states that he is a "lay-man of the law" without any prior experience and thus requests leave to amend his complaint. (Doc. No. 16 at 3-4.) In response, Defendants state that they "do not object to or oppose Plaintiff's motion to file an amended complaint, but rather consent to allow Plaintiff to so amend." (Doc. No. 19 at 2.)

As Defendants do not oppose the motion, and this case is still in the earlier stages of litigation, leave to amend does not appear to prejudice Defendants. Additionally, there is no evidence that the motion was brought in bad faith or will cause undue delay. The Court

also notes that the policy in favor of leave to amend being applied with extreme liberality is particularly true, where, as in this case, Plaintiff is a pro se litigant. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *see also Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) ("This policy [favoring amendments to pleadings be applied with extreme liberality] is applied even more liberally to pro se litigants."). Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend.

As a result, Defendants' motion to dismiss is **DENIED AS MOOT.** *See MMCA Grp. Ltd. v. Hewlett-Packard Co.*, No. C-06-7067 MMC, 2007 WL 528035, at *2 (N.D. Cal. Feb. 16, 2007); *see also Kwan v. Wells Fargo Bank, NA*, Case No. 12-CV-1793-IEG (MDD), 2012 WL 12869275, at *1 (S.D. Cal. Oct. 22, 2012); *Sater v. Chrysler Grp. LLC*, Case No. EDCV 14-00700-VAP (DTBx), 2014 WL 11412674, at *7 (C.D. Cal. Oct. 7, 2014).

## IV.   CONCLUSION

For the reasons set forth more fully above, the Court **GRANTS** Plaintiff's motion for leave to amend and **DENIES AS MOOT** Defendants' motion to dismiss. Plaintiff has thirty (30) days from the date of this order to amend his complaint. If Plaintiff chooses not to amend, his complaint may be dismissed with prejudice.

**IT IS SO ORDERED**.

Dated:  January 5, 2017

Hon. Anthony J. Battaglia
United States District Judge