# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESTEVEZ,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF CALIFORNIA, et al.,<br><br>        Respondents. | Case No.: 15cv2941-AJB-JLB<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**<br>**(Doc. No. 35)** |

  Presently before the Court is Respondents United States Attorney's Office for the Southern District of California, Federal Bureau of Prison, Western Regional Office, and the United States Marshal for the Southern District of California's (collectively referred to as "Respondents") motion to dismiss Petitioner Jesus Estevez's ("Petitioner") Freedom of Information Act ("FOIA") and Privacy Act claims against nine individual respondents. (Doc. No. 35.) Having reviewed the parties' arguments, the Court finds this motion suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. For the reasons set forth more fully below, the Court **GRANTS** Respondents' motion.

///

///

1

# BACKGROUND

On March 21, 2017, Petitioner filed his first amended complaint ("FAC"). (Doc. No. 33.) In addition to Petitioner's previous claims that he is being denied access to records under the FOIA, the Privacy Act, and the California Public Records Act, Petitioner also names nine new individual respondents: Laura E. Duffy; Crystaline Smith; Susan B. Gerson; Dennis M. Wong; Angela C. Brooks; William E. Bordley; Sean O'Neill; Christina D. Troiani; and Thomas D. Anderson (collectively referred to as "Individual Respondents"). (*Id.* at 1, 5.) On March 29, 2017, Respondents filed a motion to dismiss the Individual Respondents with prejudice. (Doc. No. 35.) Petitioner filed a non-opposition to Respondents' motion on April 10, 2017. (Doc. No. 37.)

# LEGAL STANDARD

A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.,* 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 497 F.3d 972, 975 (9th Cir. 2007).

# DISCUSSION

Respondents request that Petitioner's FOIA and Privacy Act claims against the Individual Respondents be dismissed with prejudice. (Doc. No. 35-1 at 2.) Respondents predicate this assertion on the fact that neither the FOIA nor the Privacy Act allows suits

to be brought against individuals. (*Id.*) In response, Petitioner does not oppose Respondents' motion to dismiss the Individual Respondents. (Doc. No. 37 at 2.)

The Court finds Respondents' motion to dismiss the Individual Respondents to be appropriate. *See Drake v. Obama*, 664 F.3d 774, 785 (9th Cir. 2011) (holding that the "FOIA does not apply to any of the [d]efendants because they are all individuals, not agencies"); *see also L.A. Times Commc'n, LLC v. Dept. of the Army*, 442 F. Supp. 2d 880, 892 (C.D. Cal. 2006) (stating that the FOIA provides individuals with a "judicially-enforceable right of access to <u>government agency</u> documents") (emphasis added) (citation omitted); *Rouse v. U.S. Dept. of State*, 567 F.3d 408, 414 (9th Cir. 2009) (holding that the Privacy Act can only be used when an <u>agency</u> fails to maintain any record concerning any individual) (emphasis added); *Hewitt v. Grabicki*, 794 F.2d 1373, 1377 (9th Cir. 1986) (holding that the Privacy Act only authorizes suit against an "agency"). Accordingly, finding that no plausible legal claim under the FOIA or the Privacy Act may be asserted against the Individual Respondents, the Court **GRANTS** Respondents' motion.

## CONCLUSION

For the reasons set forth more fully above, the Court **GRANTS** Respondents' motion to dismiss Petitioner's claims under the FOIA and the Privacy Act against the Individual Respondents **WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: April 14, 2017

Hon. Anthony J. Battaglia
United States District Judge